JACOB HOLT, Defendant in Error, *v.* W. H. BALDWIN, Plaintiff in Error

1. *Contracts — Purchase by minor child must be shown to be made by child as agent of father — Subsequent ratification of itself not sufficient.* — A father can not be held liable for a purchase made by his minor son, on the sole ground of a supposed subsequent ratification of the purchase and a promise to pay the purchase money. The father can be held only on the ground that he authorized the purchase, either expressly or by implication. Whether or not there was such authority is a matter for the jury, and not for the court. The fact of the subsequent ratification and promise is legitimate and persuasive evidence, from which the jury may find that the purchase was made by the son as the father's agent, acting under authority either express or implied. But the moral obligation of the father to support his child does not make him legally liable to pay his child's debts. And to charge a father on his son's contracts, the same circumstances must be shown as to charge an uncle, a brother, or any third person.

### Error to First District Court.

*Ewing & Smith*, with *Burke & Howard*, for plaintiff in error

I. The plaintiff's first instruction was erroneous. It left the jury to determine a bare and naked question of law. It was the duty of the court to tell the jury what was necessary to constitute the ratification by the principal of the unauthorized acts of the agent, so as to bind and charge the principal. A mere promise, after the sale, by defendant, to pay for the horse was not sufficient to support an action thereon. A principal, to ratify the unauthorized acts of an agent in the purchase of property, must receive the property or get the benefit of the unauthorized purchase; otherwise there is no ratification. This the court should have told the jury. (1 Am. Lead. Cas. 593; 12 N. H. 206; 5 Hill, 137; 4 Barb. 369, 374; 5 Dana, 530; 10 Ired. 8.)

II. The motion in arrest ought to have been sustained. There is but one count in the petition, and it blends two causes of action improperly therein: one on an *express* contract, where defendant himself, before the sale thereof, agreed to pay; the other on an *implied* contract. This blending of these two causes of action could not be thus tolerated in this one count. On demurrer or

motion in arrest, the court should have held the petition bad. (Clark's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 202; 34 Mo. 134; 41 Mo. 257.)

*J. W. Moore*, with *Lay & Belch*, for defendant in error, urged among others the following points:

I. The assent of the defendant, at or before the purchase of the horse, was not necessary. His subsequent ratification of the contract is sufficient to show that his son acted as his agent, and to bind him. A father must pay a debt which he has authorized his infant son to contract, and that he has subsequently made a conditional promise to pay it is evidence of previous authority, the condition having been fulfilled. (Brown & McKay v. Deloach, 28 Ga. 486; 2 Kent's Com. 199, § 29; 51 Penn. St. 80; 1 Pars. on Cont. 297–9 *et seq.*)

II. However inartificially it may be drawn, the petition states a cause of action; and after verdict a motion in arrest would not be sustained.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff sues to recover the purchase money of a horse sold to the defendant's minor son. The petition shows, for substance, that a minor son of the defendant was engaged in the military service of the State, with his father's consent and approbation; that a horse was necessary for the use of the son in his employment; and that the son, under the authority of the father, purchased the horse in question, and took possession of him, and that his father, the defendant, subsequently ratified the transaction, and promised to pay the plaintiff the sum agreed upon as the purchase money of the horse. These facts are somewhat scatteringly detailed in the petition, but they are sufficiently stated to show a good, and, at the same time, but one cause of action. The defendant's motion in arrest was therefore properly overruled.

The defendant's answer denies the principal matters alleged in the petition, and avers that the defendant furnished his son with

everything necessary to his circumstances and condition. Upon these issues a trial was had by jury.

At the instance of the plaintiff, the court instructed the jury as follows: "If the jury find from the evidence that the defendant, after the sale of said horse to his minor son, ratified the act and promised to pay for said horse, they will find for the plaintiff." Aside from an instruction in relation to the *quantum* of damages, this was the only instruction given in the case. It is radically defective. It assumes as a matter of law what should have been left to the jury to determine as a question of fact. The instruction assumes and declares the liability of the defendant upon the sole ground of his supposed subsequent ratification and promise, leaving out of view entirely the question of the son's agency in the transaction. If the defendant was liable at all, it was because he had authorized the purchase, either expressly or by implication. Whether there was any such express or implied authority was a matter for the jury to inquire into, and not for the court to assume as a matter of law. The fact of a subsequent ratification and promise was legitimate and persuasive evidence to go to the jury, from which they might have found that the purchase was made by the son as the defendant's agent, acting under authority either expressed or implied. (Brown v. Deloach, 28 Ga. 486.)

"The moral obligation of a father to support his child does not make him legally liable to pay his child's debts; and to charge a father on his son's contracts, the same circumstances must be shown as to charge an uncle, a brother, or any third person. The son need not, however, have an express authority to bind his parent; for an authority may be implied under certain circumstances, and it is always a question for the jury whether the circumstances are sufficient for that purpose." (Tyler on Inf. and Cov. 106, § 64.) The general doctrine on this subject is that the "only ground upon which an infant can bind others by his contract is that of an express or implied agency." (*Id.*)

All the instructions asked by the defendant were refused by the court, and properly. The second instruction asked amounts to a demurrer to the petition; and the petition, as we have seen, was

sufficient. Each of the remaining instructions leaves out of view the question of agency — the important and controlling element in the controversy — and were unwarranted for that reason.

The judgment, however, in consequence of the misdirection of the jury, as already explained, must be reversed and the cause remanded. The other judges concur.